**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| DAVID SHANNON CLEARY, SR. | : | |
| | : | |
| Debtor. | : | |
| | : | No. 19-11344-mdc |

**RESPONSE AND OBJECTION TO MOTION TO REINSTATE**

Habana Holding Corp. ("Habana"), by its attorney, hereby submits this Response and Objection to the Motion to Reinstate filed by dismissed debtor, David Shannon Cleary, Sr. ("Debtor"):

1. Admitted.

2. Admitted.

3. Admitted. By way of further answer, this was the fourth bankruptcy filed by Debtor that has been dismissed for failure to file required documents. *See also bankruptcies filed at 09-00392; 17-10843 and 18-11512.*

4. Denied. Habana is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the excuse for not complying with the Court's Order. By way of further answer, this is the fourth bankruptcy filed by Debtor that was dismissed due to failure to file required documents so Debtor and his counsel should have been more than aware of the need to file all required documents.

5. Denied. Habana is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the excuse for not complying with the Court's Order.

6. Denied. It is denied that reinstatement of the bankruptcy is necessary or appropriate due to the serial nature of Debtor's bad faith bankruptcy filings. It is further denied that Habana acted improperly at any time material hereto and, in particular, with respect to the Sheriff's Sale of the Debtor's property (the "Property") occurring on March 5, 2019. The Sheriff's Sale of the property was authorized and wholly proper in that no automatic stay arose at the time the 2019 bankruptcy was filed, due to the fact that:

   a. At the time of the Debtor's voluntary dismissal of his 2018 bankrupcty, a Motion for Relief from Stay was pending that had not been decided. The 2019 bankruptcy was filed within 180 days of the voluntary dismissal of the 2018 bankruptcy; therefore, Debtor was not eligible to file the 2019 bankrupcty (see *11 U.S.C §109(g)(2))* and no automatic stay arose based on the provisions of *11 U.S.C. §362(b)(21)*.

   b. As there were two prior dismissed bankruptcies that were pending during the year before the filing of the 2019 bankrupcty, the filing of the 2019 bankruptcy did not act as an automatic stay of the March 5, 2019 Sheriff's Sale of the property. *11 U.S.C §362(C)(4)(A)(i)*.

7. Denied. The allegations of paragraph 7 are conclusions of law to which no responsive pledaing is required.

8. Denied. The allegations of paragraph 8 are conclusions of law to which no responsive pleading is required. By way of further answer, this bankrupcty was not filed by the Debtor in good faith and the Debtor was not eligible to be a debtor under *11 U.S.C §109(g)(2)*.

9. Denied. It is denied that reinstatement of the bankruptcy is necessary or appropriate due to the serial nature of Debtor's bad faith bankruptcy filings. As the Property was validly sold at

Sheriff's Sale, and as the request to reinstate is solely for purposes of attacking the valid Sheriff's Sale, no purpose would be served by reinstating the bankruptcy.

10. Denied. The allegations of paragraph 10 are conclusions of law to which no responsive pleading is required. To the contrary, Habana will be extremely prejudiced by the reinstatement of the bankruptcy as Debtor has exhibited a total unwillingness to pay the sums rightfully due and owing to Habana, and has used his bankruptcy filings solely to thwart legal collection actions taken by Habana and its predecessor-in-interest. By way of further response, Habana attaches hereto as Exhibit "A" a copy of the Answer and New Matter filed in response to Debtor's Petition filed in state court seeking to set aside the legally conducted Sheriff's Sale of the Property. The pleading sets forth in detail the history of Debtor's bad faith serial bankruptcy filings aimed at nothing more than thwarting collection of a legitimate debt owed to Habana that arose from a 2009 Summary Judgment Order in foreclosure against Cleary.

WHEREFORE, Habana respectfully requests that the Motion to Reinstate be DENIED.

_____
Edward J. Hayes, Esquire
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Telephone: (215) 299-2092
Telecopier: (215) 299-2150

Counsel for Habana Holding Corp.

Dated: April 10, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of the foregoing Entry of Appearance, Request for Notice and Request to be Added to Mailing Matrix, was served on the parties listed below via United States mail, first class and postage prepaid:

> Robert Leite-Young, Esquire
> 6950 Castor Avenue
> Philadelphia PA  19149
>
> William C. Miller, Esquire
> 1234 Market Street, 18th Floor
> Philadelphia PA  19104
>
> Office of the U.S. Trustee
> Suite 500, 833 Chestnut Street
> Philadelphia, PA  19106

Dated:  April 10, 2019                                    _____
                                                          Edward J. Hayes